IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08-20368-STA |
| | ) | |
| TRAVIS ADAIR, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING DEFENDANT'S MOTION FOR JAIL CREDITS**

On August 5, 2015, Defendant Travis Adair, Bureau of Prisons (BOP) registration number 18369-076, addressed a letter to the Court (ECF No. 67) in which he requested credit for time served prior to his sentencing. The Court will construe Defendant's letter as a Motion for Jail Credits. For cause Defendant states that on June 30, 2015, the Court sentenced him to one year imprisonment for violation of the terms of his supervision. Defendant explains that he and his family understood from the Federal Public Defender that Defendant would only serve 85 percent of the one-year sentence. Defendant now understands that he will serve the full year in custody. Defendant further states that he has not received credit for a period of time between the date on which a federal detainer was placed on him and the date on which he was actually taken into custody by the U.S. Marshal. Defendant requests then that the Court clarify its judgment and grant Defendant credit for time served in custody.

Defendant has not cited any rule of the Federal Rules of Criminal Procedure or any other

1

source of authority for the relief he seeks. The commencement and calculation of the term of incarceration of a federal prisoner, including any award of credits, is controlled by 18 U.S.C. § 3585, which states as follows:

> (a) Commencement of sentence. A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody. A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-
>
> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.[1]

This Court cannot grant or compute sentence credits under 18 U.S.C. § 3585(b). The determination of whether a defendant is entitled to credit under § 3585 for time served is reserved for the Attorney General of United States and the Bureau of Prisons.[2] Defendant is required to exhaust his administrative remedies through the BOP before he may petition the district court to review any administrative decision denying credit for presentence detention. A prisoner who wishes to appeal a decision by the BOP must seek administrative review of the computation or denial of credits, 28 C.F.R. §§ 542.10–542.16 (1997), and, when he has exhausted all administrative remedies,

---

[1] 18 U.S.C. § 3585.

[2] *United States v. Wilson,* 503 U.S. 329, 333 (1992); *see also United States v. Lytle*, No. 13-5769, 2014 WL 1687857 (6th Cir. Apr. 29, 2014) (citing *United States v. Crozier*, 259 F.3d 503, 520 (6th Cir. 2001)).

he may then seek judicial relief pursuant to 28 U.S.C. § 2241.[3]  Defendant has not shown that he has pursued his administrative remedies with the BOP as required.  Furthermore, even if Defendant had exhausted his administrative remedies, Defendant has not pursued judicial review in the form of a petition for habeas corpus relief under 28 U.S.C. § 2241.  Therefore, Defendant's Motion is **DENIED** without prejudice to his right to submit a petition pursuant to 28 U.S.C. § 2241 once he has exhausted his administrative remedies.

    **IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: January 5, 2016.

---

[3] *Wilson,* 503 U.S. at 333.